UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:12-CT-3099-BO

| | |
|---|---|
| MARQUEZ OWENS,<br>Plaintiff, | )<br>)<br>) |
| v. | )     O R D E R |
| RENOICE STANCIL, et al.,<br>Defendants. | )<br>)<br>)<br>) |

Marquez Owens, an inmate within the custody of North Carolina, filed this 42 U.S.C. § 1983 action. Compl., D.E.1. The complaint involves a use of force incident and cell extraction of plaintiff by correctional officers who were part of a Pert Team at Bertie Correctional Institution on January 24, 2012, at 7:44 am. Id. On February 15, 2013, in allowing the matter to proceed, the court noted that defendant "Pert Team" is not an individual for whom service can be obtained, and directed the Attorney General to provide plaintiff with the list of officers who were part of the "pert team." Order, D.E. 7. On February 26, 2013, the Attorney General wrote a letter to the undersigned, declining to provide the requested information. Letter, D.E. 10. Therefore, for the limited purpose of conducting discovery in order to name the proper defendants, North Carolina Prisoner Legal Services ("NCPLS") was appointed. Order, D.E. 22. On July 15, 2013, NCPLS filed a response which included a letter from North Carolina Department of Public Safety and a list of all PERT members who entered plaintiff's housing unit on January 24, 2012. Response, D.E 27. The list included 61 individuals. Id. NCPLS's response was simply a copy of DPS's response to its inquiry, and it is unclear whether anyone provided the information to plaintiff himself in order to assist him in naming the proper defendants.

The court shall assume that not all 61 of these people were included in the cell extraction of Marquez Owens on the morning of January 24, 2012. Thus, the court orders limited discovery from the served defendant. Defendant SHALL provide to plaintiff all related information regarding the use of force incident/cell extraction on January 24, 2012, at approximately 7:44 am of Marquez Owens. This SHALL include all medical evaluations and incident reports which were created in the course and scope of the incident in question. Defendant SHALL also provide plaintiff with the list provided to the court of the PERT members who entered his unit on the day in question [D.E. 27]. This discovery SHALL be provided to plaintiff within 10 days of the entry of this order and defendant is DIRECTED to file a certificate of serve to indicate compliance with this order. Any extension of time to this request is discouraged given the length of time this suit has been pending and the difficulty plaintiff has encountered in determining the names of the PERT team. Plaintiff is ALLOWED 14 days thereafter to respond to the court with properly named defendants. Upon response, the pending motion to dismiss shall be reviewed. Mot. to Dismiss, D.E. 32, Plaintiff's motion for default is DENIED. Mot., D.E. 37. Plaintiff's failure to timely respond to the court with the named PERT members SHALL result in DISMISSAL of the matter WITHOUT PREJUDICE. The court DIRECTS defendant and the Clerk to serve plaintiff at his current place of incarceration.

SO ORDERED, this the 24 day of June 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:12-ct-03099-BO   Document 38   Filed 06/24/14   Page 2 of 2